IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH HOFFMAN, et al.,**

    **Plaintiffs,**

v.

**POULSEN PIZZA LLC, et al.,**

    **Defendants.**

Case No. 15-2640-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's Unopposed Motion to Approve Collective Action Settlement (Doc. 67) and plaintiff's Application for Fees and Costs (Doc. 68). For the reasons explained below, the Court denies plaintiff's motions without prejudice.

**I.  Factual Background**

Plaintiff Kenneth Hoffman, on behalf of himself and others similarly situated, filed this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 24). Plaintiff alleges that defendants (who operate some 33 Domino's franchise restaurants) use a flawed method to reimburse pizza delivery drivers for the "reasonably approximate costs" of using their personal vehicles for business purposes. Doc. 24 at ¶ 1. Plaintiff asserts that this flawed method causes delivery drivers to incur unreimbursed expenses and drops wages below the federal minimum wage during some or all workweeks. Plaintiff seeks to recover unpaid minimum wages under the FLSA that defendants allegedly owe plaintiff and similarly situated delivery drivers who have worked at their Domino's restaurants.

On June 9, 2015, the parties filed a Joint Motion to Approve Stipulated Form of Notice of Collective Action (Doc. 19). In it, the parties reported that they had agreed on a Court Order

1

conditionally certifying the case as an FLSA collective action. *Id.* at 2. They also asked the Court to approve a Notice of Collective Action and order the parties to send the Notice to a putative class consisting of all current and former delivery drivers employed by defendants since defendants' purchase of their stores, to the present. *Id.*

On June 17, 2015, the Court granted the parties' Joint Motion. Doc. 21. The Court conditionally certified the putative class and approved all stipulations contained in the parties' joint motion,[1] including the agreed-upon Notice of Collective Action. *Id.* at 3. The Court ordered plaintiff to mail the Notice of Collective Action to the class members within 14 days after defendants produced a class member list. *Id.* Plaintiff's counsel asserts that he has mailed the Court-approved Notice to the putative plaintiffs. Doc. 67-3 at ¶ 2. In response, 137 individuals, including the named plaintiff, opted to join the class. Doc. 67 at 4; Doc. 67-2.

On November 10, 2015, the parties advised that they had reached a settlement and were finalizing a settlement agreement. *See* Doc. 66. The parties eventually signed a "Confidential Settlement and Release Agreement" (Doc. 67-1). Plaintiff's counsel asserts that he notified the 137 opt-in plaintiffs of the settlement by sending them a letter. Doc. 67-3 at ¶ 5. Plaintiff's counsel reports that this letter informed putative class members about the terms of the settlement, including their respective estimated award, and described the formula used to calculate the award. He also represents that the letter provided putative class members an opportunity to review the settlement agreement and acquire more information about the proposed distribution formula and all other terms of the parties' settlement. *Id.* Plaintiff's counsel also asserts that the

---

[1] One of the parties' stipulations provided that plaintiff would file an Amended Complaint omitting its theory of successor liability. Doc. 19 at 3. The Court approved this stipulation and ordered plaintiff to file his Amended Complaint within 7 days. Doc. 21. Plaintiff filed his Amended Complaint on June 24, 2015. Doc. 24. Dropping the successor liability claim was the only change made by plaintiff's Amended Complaint. It did not moot or otherwise affect the Court's conditional class certification.

letter explained the putative class members' right to object to the settlement. *Id.* Plaintiff's counsel reports that no putative class member has objected to the proposed settlement. *Id.*

On December 18, 2015, plaintiff filed his Unopposed Motion to Approve Collective Action Settlement (Doc. 67) and Application for Fees and Costs (Doc. 68). Plaintiff seeks a Court Order approving the settlement and awarding plaintiff's counsel their attorney's fees and costs.

**II.     Legal Standard**

The parties to an FLSA action must present a settlement of those claims to the court for review and ask the court to determine that the settlement is fair and reasonable. *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

The court may enter a stipulated judgment in an FLSA action "only after scrutinizing the settlement for fairness." *Id.* (citing *Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011); *see also Tommey v. Computer Scis. Corp.*, No. 11-CV-02214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015) (citation omitted). "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation." *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *2 (D. Kan. Jan. 19, 2012) (citing *Lynn's Food Stores*, 679 F.2d at 1354).

Also, when parties settle FLSA claims before the court has ruled on final certification, the court must make some final class certification finding before it can approve an FLSA collective action settlement. *Barbosa*, 2015 WL 4920292, at *3 (citing *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011)).

### III.   Analysis

After reviewing plaintiff's submissions, the Court concludes that it cannot approve the parties' settlement of the FLSA collective action claims because the information plaintiff provides is insufficient to allow the Court to make the findings necessary for approval. The Court explains why below.

#### A.  Final Collective Action Certification

Before the Court can approve the parties' FLSA collective action settlement, it must make a final certification ruling. *Barbosa*, 2015 WL 4920292, at *3 (citing *McCaffrey*, 2011 WL 32436, at *3); *see also Gambrell*, 2012 WL 162403, at *2 (citation omitted). Plaintiff's motion never asks the Court to certify a final collective action. It also provides no information whether plaintiffs are similarly situated for purposes of final collective action certification. *See Gambrell*, 2012 WL 162403, at *3 (citing *McCaffrey*, 2011 WL 32436, at *3). The Court cannot determine from the information plaintiff provides whether it should certify this lawsuit as a final collective action. The Court thus cannot approve the proposed collective action settlement. *See Gambrell*, 2012 WL 162403, at *3 (denying motion to approve FLSA collective action because the parties provided insufficient information for the court to make a final collective action certification).

### B. Proposed Settlement Agreement

Even if the Court could certify a final collection action, the Court cannot approve the parties "Confidential Settlement and Release Agreement" (Doc. 67-1). When parties settle FLSA claims, they must present the settlement to the Court to review and decide whether the settlement is fair and reasonable. *Tommey*, 2015 WL 1623025, at *1; *see also Gambrell*, No. 10-2131-KHV, 2012 WL 5306273, at *2 (D. Kan. Oct. 29, 2012) (explaining that "[w]hen employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable" (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353)). To approve an FLSA settlement, the Court must determine whether: (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorney's fees. *Barbosa*, 2015 WL 4920292, at *5 (citing *McCaffrey*, 2011 WL 32436, at *2).

Plaintiff asserts that the litigation involves a bona fide dispute and that the proposed settlement is fair and reasonable. The Court disagrees. The record presented by plaintiff is insufficient to demonstrate that the settlement is fair and reasonable. To decide this question, the Court must conclude "that the proposed settlement is fair and equitable to all parties in light of the history and policy of the FLSA." *Gambrell*, 2012 WL 5306273, at *5.

Here, the "Confidential Settlement and Release Agreement" (Doc. 67-1) conflicts with the policy of the FLSA because it contains an overly-restrictive confidentiality provision. It reads:

> **Confidentiality.** The Parties and their counsel agree to maintain confidentiality of the Settlement Amount, except as to spouses, tax or financial advisors, attorneys, taxing agencies, or as otherwise required by law. The Parties shall inform the third parties identified immediately above of the confidential nature of the

>payment amounts, and the Parties shall be held responsible for any disclosures made by those third parties to anyone else.  Neither the Parties nor their counsel will issue any press release or otherwise comment to the press concerning the settlement (unless in the form of an agreed upon joint statement).  Nothing herein shall prohibit Defendants from sharing this Settlement Agreement with the US Department of Labor.  Nothing herein shall prohibit Plaintiffs' Counsel from making any reference to this Settlement in their firm or individual bios or in fee applications, except that Plaintiffs' Counsel may not disclose the Settlement Amount or any other payment made under this Agreement, including on their firm's website or otherwise on the internet or through social media.

Doc. 67-1 at ¶ 3.5.

It is well-settled that such a confidentiality provision in an FLSA settlement agreement "'contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights.'" *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2014 WL 5099423, at *8 (D. Kan. Oct. 10, 2014) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)).  Indeed, our court recognizes the "broad consensus that FLSA settlement agreements should not be kept confidential and the court will not approve an agreement that prohibits and penalizes class members for sharing information about the settlement with others, particularly defendants' employees." *Stubrud v. Daland Corp.*, No. 14-2252-JWL, 2015 WL 5093250, at *1 (D. Kan. Aug. 28, 2015) (citations omitted).  Our court consistently has refused to approve FLSA settlement agreements, like this one, that prohibit class members from disclosing the terms to anyone except a limited number of individuals.  *See id.*; *see also Barbosa*, 2014 WL 5099423, at *8.  For this reason, the Court cannot approve the parties' settlement agreement because it includes the confidentiality provision.

### C. Proposed Service Award

The Court also must examine any proposed service award payments to determine whether they are fair and reasonable.  *See Tommey*, 2015 WL 1623025, at *2–3; *Grove v. ZW Tech, Inc.*,

No. 11-2445-KHV, 2012 WL 1789100, at *7 (D. Kan. May 17, 2012) (citations omitted).  The "Confidential Settlement and Release Agreement" allows plaintiff to receive a $2,000 service payment.  Doc. 67-1 at ¶ 2.1(C).  Plaintiff provides some information about the nature of his assistance to counsel during the litigation but provides no estimate of the number of hours he expended.

Our court determines the reasonableness of a requested service award by considering whether the proposed award adequately reflects the time that the recipient plaintiff spent working on the lawsuit.  *See In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1271 (D. Kan. 2006) (reducing requested service awards to each of the four named plaintiffs from $15,000 to $5,000, even though the total settlement exceeded $25 million, because the $5,000 award adequately compensated each plaintiff for the 80 hours of time that each plaintiff, on average, devoted to the lawsuit); *see also Barbosa*, 2015 WL 4920292, at *6 (rejecting proposed service award of $3,500 to each of two named plaintiffs who spent 24.1 hours and 9.6 hours on the case and concluding instead that $20 per hour for the time plaintiffs spent on the case was a fair and reasonable service award); *Bruner v. Sprint/United Mgmt. Co.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762, at *11 (D. Kan. July 14, 2009) (rejecting $10,000 proposed service award to the named plaintiff in an $8.7 million settlement because plaintiff failed to provide specific details about the amount of time she invested in the suit and awarding a $5,000 service award instead).

Without any information about the amount of time that plaintiff devoted to this lawsuit, the Court cannot approve the proposed service award.

### D. Attorney's Fees and Costs

The FLSA requires the parties to a settlement agreement to include an award of reasonable attorney's fees and the costs of the action. 29 U.S.C. § 216(b); *see also McCaffrey*, 2011 WL 32436, at *2 (citing *Lee v. The Timberland Co.*, No. C 07-2367-JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008)). The Court has discretion to determine the amount and reasonableness of the fee, but the FLSA fee award nevertheless is mandatory. *Barbosa*, 2015 WL 4920292, at *4 (citations omitted).

Because plaintiff has failed to show that the proposed settlement award is fair and equitable, the request for attorney's fees and costs is premature. The Court notes, however, that defendant agreed not to contest plaintiff's counsel's request for attorney's fees and costs. *See* Doc. 67-1 at ¶ 2.1(D). "When a settlement agreement is reached and defendant agrees [not to] oppose an award of attorneys' fees from a common fund, defendant has no incentive to bargain for lower fees." *Barbosa*, 2014 WL 5099423, at *9. In those circumstances, our court "skeptically examine[s] and analyze[s] the fee and cost proposal." *Id.* (citing *Bruner*, 2009 WL 2058762, at *10). Here, plaintiff's counsel has submitted some information to justify the fee request but, in response to this order, the parties may decide to reformulate their proposed settlement and resubmit it for approval. If a reformulated proposed settlement includes defendants' promise not to oppose a fee award, the Court will review it with the requisite skepticism.

### IV. Conclusion

In sum, the Court cannot approve the Settlement Agreement here. The Court thus denies plaintiff's Unopposed Motion to Approve Collective Action Settlement (Doc. 67) and plaintiff's Application for Fees and Costs (Doc. 68) without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Unopposed Motion to Approve Collective Action Settlement (Doc. 67) is denied without prejudice to refiling.

**IT IS FURTHER ORDERED THAT** plaintiff's Application for Fees and Costs (Doc. 68) is denied without prejudice to refiling.

**IT IS FURTHER ORDERED THAT** the parties must notify the Court **on or before June 10, 2016** of their intention either to (1) file a revised settlement agreement and supporting documentation in accordance with this Memorandum and Order; or (2) abandon settlement and proceed to litigate this dispute.

**IT IS SO ORDERED.**

Dated this 16th day of May, 2016, at Topeka, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**