## AMENDED SETTLEMENT AND RELEASE AGREEMENT

This Amended Settlement and Release Agreement ("Agreement") is entered into by and between named plaintiff Kenneth Hoffman (the "Named Plaintiff"), on behalf of himself and the Opt-In Plaintiffs (as herein defined), on the one hand, and defendants Poulsen Pizza LLC, Dream Team Pizza LLC and Dream Team Pizza KC LLC (collectively, "Defendants"), on the other.

## RECITALS

WHEREAS, the Named Plaintiff filed a Complaint against Defendants in the United States District Court for the District of Kansas on March 5, 2015 and filed an Amended Complaint on June 24, 2015; and

WHEREAS, the Amended Complaint asserted a collective action claim under the Fair Labor Standards Act ("FLSA"), and sought recovery of unpaid vehicle expenses (which the Named Plaintiff alleged reduced net wages below the federal minimum wage), liquidated damages, interest, and attorneys' fees and costs on behalf of current and former delivery drivers who have been employed at Defendants' Domino's stores in Kansas and Missouri during times relevant; and

WHEREAS, Defendants denied and continue to deny the Named Plaintiff's allegations in the Litigation and denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or cause of action asserted in the Litigation. Nonetheless, without admitting or conceding liability, wrongdoing, or damages, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden and expense of continuing the Litigation; and

WHEREAS, Plaintiffs' Counsel have vigorously litigated this case, have analyzed extensive delivery, payroll and expense reimbursement data produced by Defendants, and have interviewed numerous current and former delivery drivers regarding the Named Plaintiff's claims; and

WHEREAS, Plaintiffs' Counsel have thoroughly analyzed and evaluated the merits of the claims against Defendants, the merits of Defendants' responses to those claims and their potential defenses, the potential damages to be recovered at a trial, and the impact of this Agreement on the Named Plaintiff and the Opt-in Plaintiffs; and

WHEREAS, based on their analysis and evaluation of relevant factors, and recognizing the risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in no recovery whatsoever for the Opt-In Plaintiffs, might result in a recovery less favorable to the Opt-In Plaintiffs, might result in a recovery more favorable to the Opt-In Plaintiffs, and the likelihood that any recovery for any portion of the Opt-In Plaintiffs would not occur for several years, counsel for the Parties are satisfied that the terms and conditions of the Agreement are fair, reasonable, and adequate, and Plaintiffs' Counsel is satisfied that this Agreement is in the best interest of the Opt-In Plaintiffs.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions, subject to Court approval of the settlement and dismissal of the Litigation with prejudice:

## 1.    DEFINITIONS

The terms set forth herein shall have the meanings ascribed to them below.

"**Complaint**" means the most recent Complaint on file in the Litigation.

"**Opt-In Plaintiff**" means all persons who have filed a consent to join form in the Litigation, including the Named Plaintiff.

"**Plaintiffs' Counsel**" means Richard M. Paul III and Jack McInnes of Paul McInnes LLP and Mark Potashnick of Weinhaus & Potashnick.

"**Defendants**" means defendants Poulsen Pizza LLC, Dream Team Pizza LLC and Dream Team Pizza KC LLC, along with their respective owners, members, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, insurers, subsidiaries, affiliates, and all persons acting by, through, under or in concert with them.

"**Litigation**" means *Hoffman, individually and on behalf of similarly situated persons v. Poulsen Pizza LLC, Dream Team Pizza LLC, and Dream Team Pizza KC LLC,* Case No. 2:15-cv-02640-DDC-KGG, currently pending in the United States District Court for the District of Kansas.

"**Settlement Amount**" means the total payments required of Defendants under this Agreement in the amount of $132,000.00, which shall be distributed pursuant to the terms of this Agreement, pending approval by the Court.

"**Parties**" means the Named Plaintiff, the Opt-In Plaintiffs, and Defendants.

"**Plaintiff or Named Plaintiff**" means Kenneth Hoffman and includes any and all of his representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns, as applicable and without limitation.

## 2.    SETTLEMENT TERMS

### 2.1    Settlement Payments.

(A) Defendants agree to pay a total of $132,000.00 (the "Settlement Amount") to fully and finally resolve and satisfy any and all claims by the Named Plaintiff and the Opt-In Plaintiffs asserted in the Litigation, inclusive of attorney's fees, costs and service awards, and releases per Sections 3.1 and 3.2 below. Said total payment amount shall be distributed as follows:

(B) After deductions provided in Sections 2.1(C) through (E) below, all remaining funds shall be distributed to the Opt-In Plaintiffs on a pro-rata basis according to an equitable formula determined by Plaintiffs' Counsel based primarily on the total number of deliveries driven by each Opt-In Plaintiff; provided that each Opt-In Plaintiff shall receive a minimum payment of $25.00. Within five business days after the latter of the Court's Order approving the Settlement or November 23, 2015, Plaintiffs' Counsel will email to

Defendants' Counsel a spreadsheet containing the breakdown of the settlement distribution. Within 21 days thereafter, Defendants will mail to Plaintiffs' Counsel checks made payable to each Opt-In Plaintiff in the amount set forth on the spreadsheet provided by Plaintiffs' Counsel. Within five business days after receipt of these checks, Plaintiffs' Counsel will mail each Opt-In Plaintiff their respective check to their last known address. If any payments to Opt-In Plaintiffs are returned by the postal service as undeliverable, Defendants will provide Plaintiffs' Counsel with any personally identifiable information of such Opt-In Plaintiff that Defendants have in their possession to assist Plaintiffs' Counsel in their search for a more recent address so that the payments can be promptly re-mailed to the correct address. If any Opt-In Plaintiff fails to cash their check within 180 days after the date of the check, Defendants will deliver the check to the unclaimed property division of the state of the last known address of the Plaintiff who did not cash their check.

(C) $2,000.00 shall be distributed to the Named Plaintiff as a service award in recognition of, and in consideration for, the substantial assistance he rendered to Plaintiffs' Counsel and to the Litigation in pursuing the rights of all Opt-In Plaintiffs.

(D) 1/3 of the Settlement Amount shall be distributed to Plaintiffs' Counsel as attorney's fees. In the event the Court reduces Plaintiffs' Counsel's fee request, the amount of the reduction shall be re-allocated to the Opt-In Plaintiffs.

(E) An amount not to exceed $3,000.00 shall be distributed to Plaintiffs' Counsel as and for their out-of-pocket costs incurred in pursuing the Litigation.

(F) All payments set forth in this Section 2.1 are subject to Court approval of the settlement and dismissal of the lawsuit with prejudice upon submission of an appropriate motion by Plaintiffs' Counsel.

**2.2      Nature of Payments / Taxation of Settlement Disbursements.**

(A) The Parties agree that, for tax purposes, all funds distributed to Opt-In Plaintiffs under Section 2.1(B) above shall be treated as reimbursement of self-paid employment expenses, and therefore no taxes shall be withheld from such payments. Also, all payments made to Opt-In Plaintiffs in resolution of their claims in this Litigation will not be considered wages for purposes of calculating, or recalculating, benefits provided by Defendants under the terms or conditions of any benefits plan.

(B) The Parties agree that, for tax purposes, the service award to the Named Plaintiff under Section 2.1(C) above shall be treated as non-employee income and Defendants shall issue Kenneth Hoffman an IRS Form 1099 in the amount of his service award.

(C) Opt-In Plaintiffs shall be solely and exclusively responsible for all taxes, interest and penalties, if any, of any nature, owed with respect to any payment received by them under this Agreement and will indemnify and hold Defendants and Plaintiffs' Counsel harmless from and against any and all taxes, penalties, and interest of any nature assessed as a result of an Opt-In Plaintiff's failure to timely and properly pay such taxes.

3.     **RELEASE**

3.1    **Release of Claims.**

(A) **Opt-In Plaintiffs:** Each Opt-In Plaintiff releases all claims that were made against Defendants in this Litigation, or that reasonably could have arisen out of the same facts alleged in this Litigation, whether known or unknown, including but not limited to any and all claims under the FLSA; any and all claims arising out of any state wage, minimum wage or overtime laws; any and all claims for breach of contract; any and all claims for unpaid or underpaid employee expense reimbursement; any and all claims for unjust enrichment; and any and all derivative claims relating to unpaid wages, minimum wage and overtime compensation against Defendants. Plaintiffs' Counsel will include in the envelope containing the check to each Opt-In Plaintiff the language of this release provision along with an explanation that each Opt-In Plaintiff is bound by the terms of this Agreement. Defendants will also print release language on the back of the check. The parties agree that the Opt-In Plaintiffs are not releasing any claims against Gusto, LLC or any other company that sold Defendants their Domino's restaurants.

(B) **Named Plaintiff:** The Named Plaintiff and Defendants forever and fully release the other from all claims or demands each has or may have against the other accrued through the date of execution of this Agreement.  Such released claims include, but are not limited to, any claim related to the Named Plaintiff's employment with Defendants, any claim under any federal, state or local laws or regulations that in any way relate to the employment of individuals and/or prohibit employment discrimination, retaliation, or harassment of any form; for any related or unrelated contractual claims, tort claims, or any other actions based on any theory; and for any and all claims for damages of any kind whether equitable, liquidated, punitive, or in the form of attorneys' fees, expenses, or costs. In addition to the foregoing, before any payments are made under Section 2.1, the Named Plaintiff will execute a stand-alone general release prepared by Defendants and approved by Plaintiffs' Counsel. The parties agree that the Named Plaintiff is not releasing any claims against Gusto, LLC or any other company that sold Defendants their Domino's restaurants.

3.2    **Release of Fees and Costs.** Plaintiffs' Counsel and the Named Plaintiff, on behalf of the Opt-In Plaintiffs, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they have or may have against Defendants for attorneys' fees, costs, or expenses associated with this Litigation, including but not limited to those attorneys' fees, costs, or expenses associated with Plaintiffs' Counsel's representation of the Named Plaintiff and the Opt-In Plaintiffs in this Litigation. Plaintiffs' Counsel further understand and agree that any fee and costs payments provided for herein will be the full, final, and complete payment of all attorneys' fees, costs, and expenses associated with Plaintiffs' Counsel's representation of these persons in this Litigation.

3.3    **No Assignment.** The Named Plaintiff, on behalf of the Opt-In Plaintiffs, represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

3.4     **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to the Named Plaintiff and/or the Opt-In Plaintiffs, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for collective action litigation other than for purposes of settlement. Settlement of the Litigation and all acts performed or documents executed in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants, or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c), are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement and any exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason.

3.5     **Court Approval.** Within four (4) weeks of a full execution of this Agreement, the Named Plaintiff will submit to the Court a motion for approval of the settlement. In the interim, the parties agree to request a stay of all pending deadlines and proceedings in the Action if necessary.

4.      **MISCELLANEOUS**

4.1     **Cooperation Between the Parties; Further Acts.** The Parties shall cooperate fully with each other in a prompt and timely manner and shall take all necessary steps to effectuate this Agreement.

4.2     **Effect of Failure to Grant Final Approval:** In the event the Court fails to enter an order approving settlement in accordance with this Agreement (except for a modification of the attorneys' fees or Service Award) the Parties shall proceed as follows:

   a.      The Lawsuit will resume unless the Parties jointly agree to: (a) seek reconsideration or appellate review of the decision denying approval of settlement, or (b) attempt to renegotiate the settlement and seek Court approval of the re-negotiated settlement.

   b.      In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

4.3     **Entire Agreement.** This Agreement including any exhibits constitutes the entire agreement between the Parties, and all prior negotiations and understandings between the Parties shall be deemed merged into this Agreement.

4.4     **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied on by the Parties in entering into this Agreement. The Parties have been represented and assisted by counsel through the negotiation and drafting of this Agreement.

4.5     **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect on the construction or interpretation of any part of this Agreement.

4.6     **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

4.7     **Costs.** Except as otherwise provided herein, all Parties shall bear their own costs, expenses and attorneys' fees relating to this Agreement and the Litigation.

4.8     **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Kansas, without regard to choice of law principles, except to the extent any law of the United States governs any matter set forth herein, in which case federal law shall govern.

4.9     **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment. A failure by any party to insist on the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist on the specific performance of any and all of the provisions of this Agreement.

4.10    **Effective Date; Counterparts.** This Agreement shall become effective upon its execution. Plaintiff and Defendants may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiff and Defendants signed the same instrument.

4.11    **Signatures, Transmittals, Electronic Copies and Facsimiles.** Once a party has executed this Agreement, that signature page may be transmitted by email or facsimile to counsel for the other party. Any signature made and transmitted by email or facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding on the party whose counsel transmits the signature page by email or facsimile.

4.12    **Authority of Signatories.** Defendants represent and warrant that they are limited liability companies, existing and in good standing under the laws of their states of formation, and that the person executing this Agreement on their behalf is fully authorized to bind the Defendants.

4.13    **A list of the Plaintiffs and their shares of the recovery is attached hereto as "Exhibit A."**

DATED: June ___, 2016   DEFENDANT POULSEN PIZZA LLC

         Signature:_____

         By:_____

         Its:_____

DATED: June ___, 2016   DEFENDANT DREAM TEAM PIZZA LLC

         Signature:_____

         By:_____

         Its:_____

DATED: June ___, 2016   DEFENDANT DREAM TEAM PIZZA KC LLC

         Signature:_____

         By:_____

         Its:_____

DATED: June _8_, 2016   PLAINTIFF KENNETH HOFFMAN

         By:_____

          Kenneth Hoffman